IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WALTER JONES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER
d/b/a DENVER POLICE DEPARTMENT,
OFFICER JEREMIAH JOHNSON, in his Individual and Official Capacity,
OFFICER TIMASHA HALIBURTON, in her Individual and Official Capacity,
OFFICER MARIKA PUTNAM, in her Individual and Official Capacity,
DETECTIVE RANDALL WAGNER, in his Individual and Official Capacity,
DETECTIVE JEFFREY MASCIANGELO in his Individual and Official Capacity,
DETECTIVE TORRY MCKEEVER, in his Individual and Official Capacity,
DETECTIVE TERRENCE HALLIWILL, in his Individual and Official Capacity,
DETECTIVE BRET STARNES, in his Individual and Official Capacity,
DETECTIVE CHRISTOPHER PARKER, in his Individual and Official Capacity,

    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorney, Todd Bovo of Bovo Law, LLC, file this Complaint and state the following:

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 2201.  Jurisdiction supporting Plaintiff's claims for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

2. This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

3. Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).  All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation. Pursuant to the Colorado Governmental Immunity Act, sovereign immunity is waived for Plaintiffs' state law claims against the government defendants. *See* C.R.S. § 24-10-106(1).

5. At all times relevant to this action, Plaintiff Walter Jones, was a citizen of the United States of America and a resident of the State of Colorado, in Denver Colorado.

6. Defendant City and County of Denver, a political subdivision of the State of Colorado, established and maintained by the laws and Constitution of the State of Colorado, and as such, operates a police department by the name of Denver Police Department.

7. At all times relevant to this action, Defendant Officer Jeremiah Johnson, was a citizen of the United States and a resident of Colorado.  Upon information and belief, Officer

Jeremiah Johnson was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

8. At all times relevant to this action, Defendant Officer Timasha Haliburton, was a citizen of the United States and a resident of Colorado. Upon information and belief, Officer Timasha Haliburton was acting under color of state law in her capacity as a police officer employed by Defendant City and County of Denver's police department.

9. At all times relevant to this action, Defendant Officer Marika Putnam, was a citizen of the United States and a resident of Colorado. Upon information and belief, Officer Putnam was acting under color of state law in her capacity as a police officer employed by Defendant City and County of Denver's police department.

10. At all times relevant to this action, Defendant Randall Wagner, was a citizen of the United States and a resident of Colorado. Upon information and belief, Randall Wagner was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

11. At all times relevant to this action, Defendant Detective Jeffrey Masciangelo, was a citizen of the United States and a resident of Colorado. Upon information and belief, Detective Masciangelo was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

12. At all times relevant to this action, Defendant Detective Torry Mckeever, was a citizen of the United States and a resident of Colorado. Upon information and belief, Detective Mckeever was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

13. At all times relevant to this action, Defendant Detective Terrence Lalliwill, was a citizen of the United States and a resident of Colorado.  Upon information and belief, Detective Halliwill was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

14. At all times relevant to this action, Defendant Detective Bret Starnew, was a citizen of the United States and a resident of Colorado.  Upon information and belief, Detective Starnes was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

15. At all times relevant to this action, Defendant Detective Christopher Parker, was a citizen of the United States and a resident of Colorado.  Upon information and belief, Detective Parker was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

16. At all times relevant to this action, Defendant Detective Christopher Parker, was a citizen of the United States and a resident of Colorado.  Upon information and belief, Detective Parker was acting under color of state law in his capacity as a police officer employed by Defendant City and County of Denver's police department.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983- Fourth and Fourteenth Amendments;)**

17. The search and seizure of the Defendant was not made upon probable cause and that the initial encounter with the defendant was not made upon reasonable suspicion.

18. The arrest and search of this Defendant took place in violation of rights as guaranteed by the Fourth Amendment to the United States Constitution and rights as guaranteed under the 4th and 14th Amendments to the United States Constitution.

19. The initial contact with the Defendant is not supported by a reasonable suspicion of criminal activity and is therefore invalid.
20. The government entered without authorization and/or invitation of the Walter Jones and knowingly shut off their body cameras while they performed illegal acts.
21. Defendants entered Walter Jones' home in violation of his Fourth Amendment and Fourteenth Amendment rights to be free from unreasonable seizure of their property by confiscating and then destroying Plaintiff's property without having a valid warrant.

WHEREFORE, Plaintiff pray for judgment for the Plaintiff and against Defendants and ask this Court to award them all of the relief allowed by law, including, but not limited to, the following:

A. Appropriate relief at law and equity;
B. Declaratory relief and other appropriate equitable relief;
C. Economic losses on all claims allowed by law;
D. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by trial;
E. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
F. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
G. Pre- and post-judgment interest at the highest lawful rate;
H. Any further relief that this Court deems just and proper, and any other relief as allowed by law;

I. Money damages, including compensatory, economic, non-economic, special, and punitive damages against Defendants for all losses and damages suffered as a result of the negligence and civil rights violations complained of herein.

J. Pre-judgment interest on all damages.

K. Costs and disbursements of this action, including reasonable attorneys' fees.

L. Post-judgment interest.

M. Such other and further equitable or injunctive relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

Bovo Law, LLC

*s/ Todd Frank Bovo*
Todd F. Bovo
Attorney for Plaintiffs
650 South Cherry Street, #1400
Denver, CO 80246
Phone: (303) 333 4686
Fax: (303) 595 5334
Email: todd@bovolaw.com

<u>Plaintiffs' Address:</u>

Walter Jones
4544 Davenport Way
Denver, CO 80239
walterjones5280@gmail.com